# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION )<br>127 Public Square )<br>Cleveland, OH 44114 )<br>                                           )<br>      Plaintiff, )<br>                                           )<br>      vs. )<br>                                           )<br>INTERLOGIC OUTSOURCING, INC. )<br>1710 Leer Drive )<br>Elkhart, IN 46514-5446 )<br>                                           )<br>and )<br>                                           )<br>NAJEEB KHAN, an individual, )<br>                                           )<br>      Defendants. )<br>                                           )<br>Please also serve Interlogic Outsourcing, )<br>Inc.'s registered agent: | CASE NO.<br><br><br><br><br><br><br><br><br><br><br><br><br>**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION AND DAMAGES** |

Corporation Service Company
50 West Broad Street
Columbus, Ohio 43215

---

Plaintiff KeyBank National Association ("KeyBank") brings this action against Defendants Interlogic Outsourcing, Inc. ("Interlogic") and Najeeb Khan ("Khan"), and alleges as follows:

## NATURE OF THE CASE

1. This is an action for damages and preliminary and permanent injunctive relief arising out of the willful breaches and fraudulent conduct of defendants in depositing with KeyBank checks drawn on an account with insufficient funds and thereafter causing KeyBank to

4817-7998-2486\3

process wire transfers from Interlogic's accounts that did not have sufficient funds.  KeyBank has processed approximately $122 million dollars in wire transfers as a result of defendants' wrongful conduct.

## PARTIES

2. KeyBank is national banking association with its principal place of business in Cleveland, Ohio.  KeyBank is a national bank.

3. Interlogic is an Indiana corporation with its principal place of business in Elkhart, Indiana.  Interlogic has an agent for service of process in Ohio, is licensed to transact business in Ohio, and carries on or does business in Ohio.  Interlogic provides payroll processing services, including payroll checks and related reports, payroll tax filing, electronic timekeeping, managing human resources information, and online payroll reporting.

4. Khan is an individual who, upon information and belief, resides in Indiana.  Khan is, upon information and belief, the principal owner, president and CEO of Interlogic and has directed the wrongful conduct of Interlogic described herein.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because KeyBank, and Ohio corporation with its principal place of business in Ohio, and Interlogic, an Indiana corporation with its principal place of business in Indiana, and Khan, a citizen of Indiana, are citizens of different states, and the matter in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Interlogic and Khan are subject to personal jurisdiction in this Court.

7.     This Court has personal jurisdiction over Interlogic and Khan pursuant to R.C. 2307.382(A) because Interlogic transacts business in Ohio and its conduct relevant to this action was directed by Khan.  Interlogic carries on continuous and systematic business in Ohio, and Interlogic has purposefully availed itself of the privilege of doing business in Ohio and invoked the benefits and protections of Ohio law.  Interlogic and Khan have sufficient contact with Ohio to justify exercising personal jurisdiction over them.

## GENERAL ALLEGATIONS

8.     On or about February 8, 2008, KeyBank and Interlogic entered into a Cash Management Services Master Agreement (the "Master Agreement") relating to Interlogic's purchase of cash management services from KeyBank.  (A copy of the Master Agreement is attached hereto as Exhibit A.)  Pursuant to the Master Agreement, KeyBank and Interlogic have entered into multiple subsidiary agreements, generally known as Services Schedules and Agreements, all of which are incorporated within the Master Agreement (the Master Agreement and incorporated subsidiary agreements are hereby referred to herein as the "Agreement").

9.     Pursuant to the Agreement, KeyBank provided various financial and cash management services to Interlogic, including maintaining various company accounts and processing deposits into and transfers out of those accounts for purposes of Interlogic's business.

10.    The principal owner, president and CEO of Interlogic is Najeeb Khan.  Upon information and belief, Khan also owns or controls TimePlus Systems, LLC ("TimePlus") and IOI Payroll Services (IOI Payroll).  TimePlus and IOI Payroll operate out of the same location as Interlogic in Elkhart, Indiana.

11. Upon information and belief, on or about July 3 and 5, 2019, Khan caused TimePlus and IOI Payroll to issue a series of checks payable to Interlogic drawn from their bank accounts with Lake City Bank in Warsaw, Indiana. Those checks totaled approximately $126 million dollars.

12. Upon information and belief, Khan then caused Interlogic on or about July 3 and 5, 2019, to deposit the checks from TimePlus and IOI Payroll into Interlogic's accounts with KeyBank.

13. On or about July 8, 2019, Khan then directed KeyBank to issue 41 separate wire transfers to various entities through three different banks: Berkshire Bank, Wells Fargo and JP Morgan Chase. The total amount of the wire transfers was approximately $122 million dollars. (A listing of the wire transfers, with account numbers redacted, is attached hereto as Exhibit B.)

14. At the time that Khan caused TimePlus and IOI Payroll to issue the checks to Interlogic, there were insufficient funds in TimePlus's and IOI Payroll's accounts with Lake City Bank. Upon information and belief, Khan (and thereby TimePlus, IOI Payroll and Interlogic) knew that there were insufficient funds in the Lake City Bank account.

15. On or about July 8, 2019, KeyBank received notices from Lake City Bank that the checks issued by TimePlus and IOI Payroll were being returned for insufficient funds. Accordingly, funds were not transferred from Lake City Bank sufficient to cover the $122 million in wire transfers issued by KeyBank based on Khan's instructions.

16. As a result of the actions of Khan and Interlogic, KeyBank has been induced to transfer approximately $122 million in funds that are not available in Interlogic's account.

Accordingly, KeyBank has lost, or is in immediate jeopardy of losing, approximately $122 million as a result of the wrongful conduct of Khan and Interlogic.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

17. KeyBank hereby incorporates all its prior allegations.

18. The Master Agreement and subsidiary agreements are, collectively, a valid and enforceable contract, supported by adequate consideration.

19. The Master Agreement provides, among other things, that "[i]n the event any actions by Client should result in an overdraft in any of its accounts, Client is responsible for repaying the overdraft immediately, without notice or demand, together with interest thereon at a rate determined in accordance with Bank's fee schedule in effect from time to time." Despite notice to Khan and Interlogic, Interlogic has failed to repay the overdraft in Interlogic's account and has thereby breached the Agreement.

20. KeyBank fully performed all of the terms and conditions of Agreement.

21. Interlogic's actions constitute a material breach of the Agreement, and it continues to materially breach the Agreement by failing to repay the overdraft.

22. KeyBank has been damaged by Interlogic's breaches of the Agreement.

23. The conduct described above constitutes separate and distinct breaches of the Agreement.

24. As a result of Interlogic's breach of the Agreement, KeyBank has suffered, and will continue to suffer, damages and irreparable harm for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Fraud

25. KeyBank hereby incorporates all its prior allegations.

26. Khan and Interlogic represented to KeyBank that the checks issued to Interlogic by TimePlus and IOI Payroll were valid and that sufficient funds existed in their accounts with Lake City Bank to cover those checks.

27. Upon information and belief, Khan and Interlogic knew at the time of that the deposits into Interlogic's accounts occurred that TimePlus and IOI Payroll did not have sufficient funds to cover the amount of the checks.

28. Khan and Interlogic intended that KeyBank rely on its representation that sufficient funds existed in TimePlus's and IOI Payroll's accounts to cover the checks when Khan instructed that wire transfers be made out of Interlogic's accounts. KeyBank had no reason to believe that the checks were invalid, and it was justified in its reliance on Khan and Interlogic's representations under the circumstances.

29. KeyBank was, and continues to be, injured by its reliance Khan and Interlogic's fraudulent misrepresentations and has suffered, and continues to suffer, damages and irreparable harm as a result.

### PRAYER FOR RELIEF

WHEREFORE, KeyBank hereby requests that this Court enter a judgment in its favor and order:

A. that a temporary restraining order and preliminary injunction be entered requiring that the recipients of the funds transferred out of Interlogic's account be ordered to maintain and preserve those funds, and not disburse or otherwise dispose of them pending further Order of the

Court, and that such recipients use their best efforts to recover any such funds that have been disbursed or disposed of prior to receipt of notice of the Court's order;

      B.     that judgment be entered for KeyBank against Khan and Interlogic for all compensatory, statutory and related damages;

      C.     that judgment be entered for KeyBank against Khan and Interlogic for punitive damages;

      D.     that KeyBank be awarded all of the costs and attorneys' fees it has incurred in connection with this action; and

      E.     such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/Robert F. Ware*
Robert F. Ware (0055515)
Rob.Ware@ThompsonHine.com
Curtis L. Tuggle (0078263)
Curtis.Tuggle@ThompsonHine.com
Mark R. Butscha, Jr. (0088854)
Mark.Butscha@ThompsonHine.com
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: 216-566-5500
Fax: 216-566-5800

*Attorneys for Plaintiff KeyBank National Association*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on July 9, 2019.     /s/ *Denise R. Sullivan*
Denise R. Sullivan