# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION | ) CASE NO. 1:19-cv-01566 |
| PLAINTIFF, | ) JUDGE SARA LIOI |
| vs. | ) |
| INTERLOGIC OUTSOURCING, INC., et al., | ) **AGREED ORDER GRANTING PRELIMINARY INJUNCTION** |
| DEFENDANTS. | ) |

_____

AND NOW, this 16th day of July, 2019, upon consideration of the Motion for Stipulated Temporary Restraining Order and Preliminary Injunction (Doc. No. 13) filed by plaintiff KeyBank National Association and agreed to by defendant Najeeb Khan, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court finds—based on the Motion and the Verified First Amended Complaint (Doc. No. 3)—that preliminary injunctive relief is warranted. Accordingly, KeyBank's motion is hereby GRANTED and Khan is hereby ENJOINED as follows.

IT IS HEREBY ORDERED that defendant Najeeb Khan may not transfer, assign, convey, encumber or otherwise dispose of any of his assets (any such event or occurrence, a "Liquidation Event") (with the exception of funds already provided to his attorneys for legal representation) without further order of this Court; provided, however, that Khan may, without prior Court approval, (1) pledge his assets as collateral to secure obligations of Interlogic Outsourcing, Inc., its affiliates and Khan to KeyBank and, with the prior written consent of

KeyBank, liquidate or otherwise dispose of the assets, as determined by KeyBank in its discretion, and remit the proceeds to KeyBank for application to the obligations owed to KeyBank; (2) with the prior written consent of KeyBank, make all payments necessary for the preservation of assets of Khan and any entity under his control that have been pledged to KeyBank as collateral, including but not limited to insurance payments, lease payments, and maintenance payments; (3) for the period from July 12, 2019 through and including July 31, 2019, pay his attorneys for legal representation during the time this Order is in place an additional amount not to exceed $75,000 in the aggregate; and (4) for the period from July 12, 2019 through and including July 31, 2019, disburse cash in a maximum aggregate amount not to exceed $35,000 for ordinary course personal obligations, including family medical expenses, and, in each case, provide documentation concerning any such disbursements to KeyBank upon request. Any Liquidation Event not expressly permitted under this paragraph of the Order shall only be permitted if such Liquidation Event is set forth in a budget prepared by Khan and approved by KeyBank, whose approval will not be unreasonably withheld, conditioned, or delayed (any such budget, the "Approved Budget").

IT IS FURTHER ORDERED that Khan shall cooperate fully in good faith with KeyBank to effectuate the terms of this Order, including the execution of documents as necessary for KeyBank to obtain and perfect security interests in assets of Khan and all entities under his control.

IT IS FURTHER ORDERED that Khan shall identify all assets of Khan and all entities under his control to KeyBank. Unless KeyBank consents in writing to extend this deadline, such consent not to be unreasonably withheld, conditioned, or delayed, on or before July 31, 2019, Khan shall prepare a document reflecting his total financial condition, including, but not limited

to, (i) assets and liabilities (including, without limitation, contingent liabilities); and (ii) assets or properties which are owned or held by trustees, agents or nominees for his benefit, or on his behalf, and income received by such person for his benefit or on his behalf. Khan shall provide to KeyBank written responses to the questions attached hereto as Exhibit A and incorporated herein by reference. Khan shall exercise his best efforts to provide to KeyBank titles for all automobiles owned by Khan. Khan shall comply with this Order in all respects, including the execution of all documents KeyBank deems necessary in its reasonable discretion to protect its interests.

IT IS FURTHER ORDERED that Khan shall prepare and submit biweekly reports to KeyBank, in a form and substance reasonably satisfactory to KeyBank, identifying all transfers and conveyances of assets by Khan, but excluding transfers involving ordinary course personal expenses not to exceed an aggregate amount each reporting period to be determined by Khan and KeyBank (subject to modification by agreement of Khan and KeyBank), including a comparison of actual-to-budget ordinary course personal expenses by category of expense (i.e. medical, food, transportation, etc.), such expenses not to exceed $35,000 from the date of this order until July 31, 2019. By July 31, 2019, Khan and KeyBank shall determine a budget for ordinary course personal expenses, and Khan shall not transfer or convey any assets except in accordance with that budget (subject to modification by agreement of Khan and KeyBank). Unless otherwise agreed in writing by KeyBank, such reports shall identify, for each transfer required to be identified, (1) the date; (2) the monetary value of the transfer; (3) the account, if any, from which such transfer was made; (4) the person or entity to whom or which the transfer was made; (5) a brief description of the purpose of the transfer (e.g., mortgage payment, doctor's appointment); and (6) a brief description of the nature of the transfer (e.g., check, cash). In addition to such

weekly reports, Khan shall provide documentation to KeyBank upon request concerning any transfer or conveyance of assets.

**IT IS SO ORDERED**.

Dated: July 16, 2019

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**