**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KEYBANK NATIONAL ASSOCIATION )
)
Plaintiff, )
) CASE NO. 1:19-CV-01566
vs. )
)
INTERLOGIC OUTSOURCING, INC., )
NAJEEB KHAN, an individual, )
BERKSHIRE BANK, WELLS FARGO )
BANK, N.A., JPMORGAN CHASE )
)
Defendants. )

**DEFENDANT NAJEEB KHAN'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Najeeb Khan, by counsel, provides the following answer and affirmative

defenses to Plaintiff's Verified First Amended Complaint as follows:

**NATURE OF THE CASE**

1.      This is an action for damages and preliminary and permanent injunctive relief
arising out of the willful breaches and fraudulent conduct of Defendants Interlogic and Kahn in
depositing with KeyBank checks drawn on an account with insufficient funds and thereafter
causing KeyBank to process wire transfers from Interlogic's accounts directed to Defendants
Berkshire, Wells and JPMC that did not have sufficient funds. KeyBank has processed
approximately $220 million in wire transfers as a result of Defendants Interlogic's and Kahn's
wrongful conduct. Defendants Berkshire, Wells and JPMC are the recipients of the funds
Interlogic and Kahn wrongfully directed KeyBank to wire and these Defendants should hold such
funds in trust for KeyBank's benefit pending orders of distribution by the court.

**ANSWER**: The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

## PARTIES

2.      KeyBank is national banking association with its principal place of business in Cleveland, Ohio. KeyBank is a national bank.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

3.      Interlogic is an Indiana corporation with its principal place of business in Elkhart, Indiana. Interlogic has an agent for service of process in Ohio, is licensed to transact business in Ohio, and carries on or does business in Ohio. Interlogic provides payroll processing services, including payroll checks and related reports, payroll tax filing, electronic timekeeping, managing human resources information, and online payroll reporting.

**ANSWER:** Defendant admits the allegations in this paragraph.

4.      Khan is an individual who, upon information and belief, resides in Michigan. Khan is, upon information and belief, the principal owner, president and CEO of Interlogic and has directed the wrongful conduct of Interlogic described herein.

**ANSWER:** Khan admits that he resides in Michigan, owns Interlogic, and is the former president and CEO of that company. As for the remaining allegations in this paragraph, the subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and

2

*National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

5.      Berkshire is a bank with its principal place of business in Massachusetts. Berkshire transacts business in multiple states in the Eastern United States. Upon information and belief, Berkshire is a wholly owned subsidiary of Berkshire Hills Bankcorp, a publicly traded bank holding company with its principal place of business in Boston, Massachusetts.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

6.      Wells is a national banking association with its principal place of business in San Francisco, California.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

7.      JPMC is a national banking association with its principal place of business in New York, New York.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1332(a) because the sole Plaintiff, KeyBank, is an Ohio corporation with its principal place of business in Ohio, and all Defendants are citizens of states other than Ohio, and the matter in controversy exceeds $75,000.

**ANSWER:** Defendant objects to this allegation because it calls for a legal conclusion. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

9.    Venue is proper in this Court pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Interlogic and Khan are subject to personal jurisdiction in this Court.

**ANSWER:** Defendant objects to this allegation because it calls for a legal conclusion.

Defendant lacks knowledge or information sufficient to form a belief about the truth of

this allegation and therefore denies it.

10.    This Court has personal jurisdiction over Interlogic and Khan pursuant to R.C. 2307.382(A) because Interlogic transacts business in Ohio and its conduct relevant to this action was directed by Khan. Interlogic carries on continuous and systematic business in Ohio, and Interlogic has purposefully availed itself of the privilege of doing business in Ohio and invoked the benefits and protections of Ohio law. Interlogic and Khan have sufficient contact with Ohio to justify exercising personal jurisdiction over them.

**ANSWER:** Defendant objects that these allegations call for a legal conclusion. Defendant

lacks knowledge or information sufficient to form a belief about the truth of these

allegations and therefore denies them it.

11.    This Court has personal jurisdiction over Wells and JPMC pursuant to R.C. 2307.382(A) because both Wells and JPMC transact continuous and systematic business in Ohio, and have purposefully availed themselves of the privilege of doing business in Ohio and invoked the benefits and protections of Ohio law. Wells and JPMC have sufficient contact with Ohio to justify exercising personal jurisdiction over them.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of this allegation and therefore denies it.

12.    This Court has personal jurisdiction over Berkshire pursuant to R.C. 2307.382(A) because Berkshire has knowingly and repeatedly received funds from wire transfers initiated in Ohio and, with the specific transactions at issue in this matter, have sufficient contact with Ohio to justify exercising personal jurisdiction over it.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of this allegation and therefore denies it.

## GENERAL ALLEGATIONS

13.     On or about February 8, 2008, KeyBank and Interlogic entered into a Cash Management Services Master Agreement (the "Master Agreement") relating to Interlogic's purchase of cash management services from KeyBank. (A copy of the Master Agreement is attached hereto as Exhibit A.) Pursuant to the Master Agreement, KeyBank and Interlogic have entered into multiple subsidiary agreements, generally known as Services Schedules and Agreements, all of which are incorporated within the Master Agreement (the Master Agreement and incorporated subsidiary agreements are hereby referred to herein as the "Agreement").

> **ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

14.     Pursuant to the Agreement, KeyBank provided various financial and cash management services to Interlogic, including maintaining various company accounts and processing deposits into and transfers out of those accounts for purposes of Interlogic's business.

> **ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

15.     The principal owner, president and CEO of Interlogic is Najeeb Khan. Upon information and belief, Khan also owns or controls TimePlus Systems, LLC ("TimePlus") and IOI Payroll Services ("IOI Payroll"). TimePlus and IOI Payroll operate out of the same location as Interlogic in Elkhart, Indiana.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

16.     Upon information and belief, on or about July 3 and 5, 2019, Khan caused TimePlus and IOI Payroll to issue a series of checks payable to Interlogic drawn from their bank accounts with Lake City Bank in Warsaw, Indiana. Those checks totaled approximately $250 million.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

17.     Upon information and belief, Khan then caused Interlogic on or about July 3 and 5, 2019, to deposit the checks from TimePlus and IOI Payroll into Interlogic's accounts with KeyBank. Interlogic deposited approximately $123 million into its KeyBank account on July 3, 2019, which deposits were settled on July 5, 2019. Interlogic deposited an additional $127 million into its KeyBank account on July 5, 2019, which deposits were settled on July 8, 2019.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

18.     The depositing of checks into Interlogic's accounts at KeyBank by Kahn and Interlogic in the amounts deposited on July 3 and July 5 was not an uncommon occurrence and such deposits were consistent with earlier deposits made by Interlogic in 2019.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

19.    KeyBank understood that Kahn and Interlogic were making such deposits in furtherance of their payroll services to Interlogic's customers and regularly deposited large sums of money and thereafter in close succession to such deposits initiated wire transfers to Berkshire, Wells, JPMC and other banks that collectively totaled the amounts recently deposited.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

20.    On or about July 5, 2019, Khan and Interlogic directed KeyBank to issue numerous separate wire transfers to various entities through Defendants Berkshire, Wells and JPMC. Each wire transfer ranged between $1 million - $3 million. The total amount of the wire transfers was approximately $90 million.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

21.    On or about July 8, 2019, Khan and Interlogic directed KeyBank to issue 41 separate wire transfers to various entities through Berkshire, Wells and JPMC. Each wire transfer ranged between $1 million - $3 million. The total amount of the wire transfers was approximately $122.5 million. (A listing of the wire transfers, with account numbers redacted, is attached hereto as Exhibit B.) Berkshire was the recipient of 28 wire transfers totaling approximately $90 million. Wells was the recipient of 5 wire transfers totaling approximately $10 million. JPMC was the recipient of 8 wire transfers totaling approximately $22 million.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

22.    Based on the settlement dates of the various checks deposited by Interlogic into its KeyBank account, there were sufficient funds in its KeyBank account to process all of the wire transfers initiated on July 5 and July 8, 2019.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

23.     Unbeknownst to KeyBank, at the time that Khan caused TimePlus and IOI Payroll to issue the checks to Interlogic, there were insufficient funds in TimePlus's and IOI Payroll's accounts with Lake City Bank. Upon information and belief, Khan (and thereby TimePlus, IOI Payroll and Interlogic) knew that there were insufficient funds in the Lake City Bank account.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

24.     On or about July 8, 2019, KeyBank received notices from Lake City Bank that the checks issued by TimePlus and IOI Payroll were being returned for insufficient funds. Pursuant to bank operating rules, banks are allowed to dishonor cleared checks up to two business days after settlement. Based on Lake City Bank's actions to dishonor the checks, funds were not transferred from Lake City Bank sufficient to cover the approximate $212.5 million in wire transfers issued by KeyBank based on Khan's and Interlogic's instructions.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

25.     On or about July 9 and July 10, 2019, KeyBank attempted to or did contact each of Berkshire, Wells and JPMC to notify them of Khan's and Interlogic's conduct and requested that they set aside the funds wired to them by KeyBank on July 5 and July 8, 2019 pending resolution of KeyBank's claims against Khan and Interlogic to unwind the wire transfers. Each of Berkshire, Wells and JPMC declined to voluntarily set aside the funds in the absence of an agreement by KeyBank to indemnify each of them in the event that any third party made a claim against the funds.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

26.     On information and belief, KeyBank believes that Berkshire and Wells continue to hold some of the funds it wired to them on July 5 and July 9, 2019, but is uncertain whether any portion of such funds have been transferred to other banks or redirected to other accounts than those into which the funds were originally wired. KeyBank also believes that JPMC continues to hold some of the funds it wired to them on July 5 and July 9, 2019, but is uncertain whether any portion of such funds have been transferred to other banks or redirected to other accounts than those into which the funds were originally wired.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

27.     As a result of the actions of Khan and Interlogic, KeyBank was induced to transfer approximately $220 million in funds to Berkshire, Wells and JPMC that were not available in Interlogic's account. At present, Key is aware that the shortfall is approximately $122 million and is concerned that its exposure could amount to the full $220 million in wire transfers previously completed. Accordingly, KeyBank has lost, and if not returned by Berkshire, Wells and JPMC, is in immediate jeopardy of losing, approximately $122 million as a result of the wrongful conduct of Khan and Interlogic.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

28.     KeyBank hereby incorporates all its prior allegations.

**ANSWER:** Defendant incorporates his answers to KeyBank's prior allegations into this paragraph.

29.     The Master Agreement and subsidiary agreements are, collectively, a valid and enforceable contract, supported by adequate consideration.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

30.     At all times, KeyBank has performed all obligations required of it under the terms of the Master Agreement.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

31.     The Master Agreement provides, among other things, that "[i]n the event any actions by Client should result in an overdraft in any of its accounts, Client is responsible for repaying the overdraft immediately, without notice or demand, together with interest thereon at a rate determined in accordance with Bank's fee schedule in effect from time to time."

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio.

13

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

32.     By directing KeyBank to wire the approximately $122 million to Berkshire, Wells
and JPMC, with knowledge that the checks that were recently deposited would not clear, Kahn
and Interlogic caused an overdraft of more than $122 million.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

33.     Despite notice and demand to Khan and Interlogic, Interlogic has failed to repay
the overdraft in Interlogic's account and has thereby breached the Agreement.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

34. KeyBank fully performed all of the terms and conditions of the Agreement.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

35. Interlogic's actions constitute a material breach of the Agreement, and it continues
to materially breach the Agreement by failing to repay the overdraft.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

36.     KeyBank has been damaged by Interlogic's breaches of the Agreement.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

37.     The conduct described above constitutes separate and distinct breaches of the Agreement.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

38.     Upon information and belief Interlogic is insolvent.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

39.     As a result of Interlogic's breach of the Agreement, KeyBank has suffered, and will continue to suffer, damages and irreparable harm for which it has no adequate remedy at law. KeyBank also is entitled to specific performance of the Agreement.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation

currently being conducted by the United States Attorney for the Northern District of Ohio.

Exercising his rights under the Fifth Amendment to the Constitution of the United States,

Defendant respectfully declines to answer these allegations on the ground that his answers

might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir.

1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant

respectfully requests that such declination have the same procedural effect under Federal

Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

## SECOND CLAIM FOR RELIEF
### Fraud

40.     KeyBank hereby incorporates all its prior allegations.

**ANSWER:** Defendant incorporates his answer to KeyBank's prior allegations into this

paragraph.

41.    Khan and Interlogic represented to KeyBank that the checks issued to Interlogic by TimePlus and IOI Payroll were valid and that sufficient funds existed in their accounts with Lake City Bank to cover those checks.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

42.    Based on the eleven-year history of assisting Khan and Interlogic with their banking needs, KeyBank had a reasonable basis to believe that Khan and Interlogic were presenting checks drawn on accounts with sufficient funds.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

43.    Upon information and belief, Khan and Interlogic knew at the time of that the deposits into Interlogic's accounts occurred that TimePlus and IOI Payroll did not have sufficient funds to cover the amount of the checks.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

44.    Khan and Interlogic intended that KeyBank rely on its representation that sufficient funds existed in TimePlus's and IOI Payroll's accounts to cover the checks when Khan instructed that wire transfers be made out of Interlogic's accounts. KeyBank had no reason to believe that the checks were invalid, and it was justified in its reliance on Khan and Interlogic's representations under the circumstances.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

45.    KeyBank was, and continues to be, injured by its reliance Khan and Interlogic's fraudulent misrepresentations and has suffered, and continues to suffer, damages and irreparable harm as a result.

**ANSWER:** The subject matter of the complaint is the basis for at least one investigation currently being conducted by the United States Attorney for the Northern District of Ohio. Exercising his rights under the Fifth Amendment to the Constitution of the United States, Defendant respectfully declines to answer these allegations on the ground that his answers might tend to incriminate him. Further, under *Rogers v. Webster*, 776 F.2d 607 (6th Cir. 1985) and *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1981), Defendant respectfully requests that such declination have the same procedural effect under Federal Rule of Civil Procedure 8(b) as if he specifically denied these allegations.

## GENERAL DENIAL

To the extent that any allegation in KeyBank's complaint is not specifically denied in the specific denials above, it is denied.

## AFFIRMATIVE DEFENSES

Without assuming a burden that Defendant would otherwise have, Defendant asserts the following affirmative defenses:

1. **Failure to mitigate damages.** Defendant should not be responsible for any damages caused by KeyBank's failure to mitigate its own damages.

2. **Estoppel, waiver, consent, unclean hands, and/or laches.** Defendant should not be responsible for any damages to the extent that KeyBank has unclean hands or consented to the actions of the Defendants alleged in this complaint.

3. **Statute of limitations.** KeyBank's claims are barred to the extent they relate to conduct that occurred after the relevant statute or statutes of limitations have run.

4.    **Lack of personal jurisdiction.** KeyBank's claims are barred to the extent that this Court lacks personal jurisdiction over Defendant.

Defendant reserves the right to assert further affirmative defenses as further fact investigation and discovery in this case reveals the basis for such defenses.

Dated: August 27, 2019

Respectfully submitted,

/s/Paul Edgar Harold
Paul Edgar Harold (25917-71)
Jesse M. Barrett (23811-71)
SouthBank Legal:
LaDue|Curran|Kuehn
100 East Wayne Street, Suite 300
South Bend, Indiana 46601
(574) 968-0760
pharold@southbank.legal
jbarrett@southbank.legal

*Attorneys for Defendant Najeeb Khan*

## Certificate of Service

I certify that on August 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the attorneys of record in the case.

/s/Paul Edgar Harold