# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION | CASE NO. 1:19-cv-01566 |
| Plaintiff, | JUDGE SARA LIOI |
| vs. | |
| INTERLOGIC OUTSOURCING, INC., et al., | **PLAINTIFF KEYBANK NATIONAL ASSOCIATION'S CONSENT MOTION TO MODIFY PRELIMINARY INJUNCTION AS TO DEFENDANT NAJEEB KHAN** |
| Defendants. | |

Plaintiff KeyBank National Association ("KeyBank") moves to modify the Agreed Order Granting Preliminary Injunction (the "Preliminary Injunction") entered by this Court on July 16, 2019. (Dkt. 29.) Defendant Najeeb Khan ("Khan") stipulates to the entry of a Modified Preliminary Injunction in the form attached hereto.

The proposed modification would leave intact all provisions of the Preliminary Injunction but add two additional paragraphs (the last two paragraphs in the attached proposed Modified Preliminary Injunction), which would, among other things, require Khan to use his best efforts to preserve his interest in property and assets, including marital property and assets. This proposed modification is necessary to effectuate the purpose of the Preliminary Injunction and maintain the status quo: preservation of Khan's assets for the benefit of his creditors, including KeyBank.

This Court "has inherent power to modify" the Preliminary Injunction, and its broad discretion on this issue is "the same discretion it exercised in granting the injunction in the first place." *Toledo Area AFL-CIO Council v. Pizza*, 907 F. Supp. 263, 265 (N.D. Ohio 1995) (granting motion to modify preliminary injunction), citing *Sierra Club v. United States Army*

*Corp of Eng'rs*, 732 F.2d 253, 257 (2d Cir. 1984) ("The test of that discretion is measured by whether the requested modification effectuates or thwarts the purpose behind the injunction," i.e. "whether or not the *status quo* is maintained by the injunction."); *see Libbey-Owens-Ford Co. v. Skeddle*, 1996 U.S. App. LEXIS 15626, at *9, *20 (6th Cir. May 31, 1996) (affirming modification of preliminary injunction as proper exercise of district court's "broad discretion").

Here, the requested modification would effectuate the purpose of the Preliminary Injunction and maintain the status quo by helping ensure Khan's assets are preserved for the benefit of his creditors, including KeyBank. Khan's wife has filed an action for separate maintenance in Michigan state court seeking, among other things, equitable distribution of marital assets. This modification is necessary to ensure that Khan's obligations under the Preliminary Injunction to protect his assets for the benefit of his creditors are clear with respect to the Michigan separate maintenance action.

Based on a balancing of factors under Rule 65, *see Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007), a modified preliminary injunction in the form attached hereto is warranted. First, this Court has already determined that KeyBank is likely to succeed on the merits of its claims for breach of contract and fraud. No evidence or argument has been set forth that would warrant a change in that prior determination. Second, KeyBank will suffer irreparable harm without equitable relief, as Khan's assets are likely to be dissipated without an injunction. Third, with respect to third parties, the proposed modification of the Preliminary Injunction will require Khan to use his best efforts to maintain, preserve, and protect his assets for the benefit of not only KeyBank but all of his creditors. Finally, requested relief is in the public interest because it will promote respect for the judiciary

and its lawful orders, deter fraud, and encourage the orderly conduct of business. Thus, all the Rule 65 factors weigh in favor of granting the relief requested herein.

Khan has agreed to the entry of the Agreed Modified Preliminary Injunction.

          Respectfully submitted,

          /s/Frank R. DeSantis
          Frank R. DeSantis (0030954)
          Frank.DeSantis@ThompsonHine.com
          Robert F. Ware (0055515)
          Rob.Ware@ThompsonHine.com
          Curtis L. Tuggle (0078263)
          Curtis.Tuggle@ThompsonHine.com
          Mark R. Butscha, Jr. (0088854)
          Mark.Butscha@ThompsonHine.com
          **THOMPSON HINE LLP**
          3900 Key Center
          127 Public Square
          Cleveland, OH 44114
          Phone: 216-566-5500
          Fax: 216-566-5800

          *Counsel for Plaintiff KeyBank National Association as to Defendants Interlogic Outsourcing, Inc. and Najeeb Khan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/Frank R. DeSantis
Frank R. DeSantis